# Williams *v.* Shows.

### `Assumpsit.*

(Decided June 4, 1914. Rehearing denied June 24, 1914.
65 South. 839.)

1. *Assumpsit; Action; Common Counts.*—Where one party has completely executed the contract and nothing remains to be done, but the payment of a sum of money by the other party, such sum may be recovered in an action on the common counts.

2. *Same; Jury Question.*—Under the evidence in this case, the issues were for the determination of the jury, and the court could not properly direct the verdict.

3. *Pleading; Construction; Videlicet.*—The office of the phrase "to-wit" is to state time, place and numbers which are not of the essence of the issues, so that they need not be proven strictly as alleged; hence, a plaintiff is not bound to prove that his cause of action arose at the exact time stated when the time was laid under a videlicet, the action being on the common counts.

APPEAL from Crenshaw Circuit Court.

Heard before Hon. A. E. GAMBLE.

Assumpsit by H. Williams against T. W. Shows. Judgment for defendant and plaintiff appeals. Reversed and remanded.

The first count was on an account due. Count A as amended was as follows:

Plaintiff claims of defendant the sum of $321.50, due from defendant to plaintiff for this, that on, to wit, January 19, 1910, plaintiff went to defendant for the purpose of paying a debt owed to defendant by one Charles Fuller, a customer of defendant, and that, on stating the account, said Shows told plaintiff that, because of a pending suit between said Shows and Frank Hawkins, the landlord of Charles Fuller, by which said Hawkins was trying to collect the value of, to wit, seven bales of cotton from said Shows, he (Shows) was holding said seven bales of cotton, which belonged to said Fuller, but that he would not credit Fuller's account with the proceeds of said cotton until said suit was decided, and then only in the event said Shows was successful in said suit. Plaintiff avers that it was agreed between him and said Shows that plaintiff was to pay the said sum of $321.50 to said Shows, and in the event that said Shows was successful in the suit referred to, then in that event Shows would pay to plaintiff the value of said seven bales of cotton or turn the same over to plaintiff. Plaintiff avers that, acting upon this assurance of Shows, he paid said sum of $321.50 to Shows; said Fuller being present and consenting to the agreement between plaintiff and defendant, and assigning his interest in said seven bales of cotton to plaintiff. And plaintiff avers that said Shows was successful in the suit above referred to, and that plaintiff then made demand on defendant for the said seven bales of cotton or their value, and that said Shows refused to deliver same. Plaintiff avers that the cause of action declared on in said count A is a part of and relates to the same transaction or subject-matter as set out or declared on in the original complaint.

W. H. STODDARD and M. W. RUSHTON, for appellant. The court erred in refusing to strike pleas 2, 3 and 4.—*Rockett v. Edmondson*, 164 Ala. 480. For the same reason the court erred in overruling demurrers thereto. Counsel discuss objections and exceptions to evidence, but without citation of authority. The court erred in refusing the charges requested by appellant.—*B. & A. R. R. Co. v. Maddox*, 155 Ala. 294; *General Elec. Co. v. Ft. Deposit*, 174 Ala. 183. The court erred in directing a verdict for defendant.—Authorities supra. Plaintiff was entitled to recover on the common count.—*Abercrombie v. Vandiver*, 126 Ala. 532; *Dees v. Self Bros.*, 165 Ala. 228.

F. B. BRICKEN and POWELL & HAMILTON, for appellee. The appellant showed a special contract and is not entitled to recover on the common count.—*Darden v. James*, 48 Ala. 33. There was a variance between the averments declaring on the special counts, and the evidence offered to sustain it and also a variance between the allegations of the common count and the evidence, such as to authorize the general charge for defendant, and hence, any error during the progress of the trial was without injury to appellant.—13 Encyclopedia of Evidence 633, 651, 663, 664, 666, 681, 682, 704; *Warner-Smiley Co. v. Cooper*, 31 South. Rep. 29; *Smith v. Causey*, 28 Ala. 655; *Gilmer v. Wallace*, 75 Ala. 220; *Goree v. Clements*, 94 Ala. 337; *Dean v. R. R. Cos.*, 98 Ala. 586; *Stuart v. Tucker*, 106 Ala. 319; *Conrad v. Gray*, 109 Ala. 130; *Touart v. Yellow Pine Lumber Co.*, 128 Ala. 61; *Birmingham Ry. & Electric Co. v. Brannon, Admx.*, 132 Ala. 431; *Ingram, et al. v. Bussey*, 133 Ala. 539; *North Alabama Ry. Co. v. Mansell, Admr.*, 138 Ala. 548; *Hieronymus Bros. v. Bienville Water Supply Co.*, 138 Ala. 587; *Central of Georgia Ry. Co. v. Simons*, 150 Ala. 400.

DE GRAFFENRIED, J.—The law is well settled that, when one party to a contract has done *all* that the contract requires him to do, and nothing remains to be done, under the contract, but the payment of a sum of money by the other party to such contract, then such sum can be recovered by the party to whom such sum is due in an action upon the common counts.—*Woodrow v. Hawving,* 105 Ala. 240, 16 South. 720.

1. The plaintiff, H. Williams, claims that T. W. Shows, the defendant, is the general manager of and largely interested in a mercantile company; that Charlie Fuller was indebted to said mercantile company in the sum of $321.50, which was secured by a mortgage on certain personal property; that said Charlie Fuller had turned over to said T. W. Shows seven bales of cotton which Shows was to sell and apply the proceeds as a credit upon said indebtedness; that after the cotton had been so delivered, and before it had been sold, and the proceeds credited upon said account of said mercantile company by Shows, the said mercantile company was sued by one Frank Hawkins for said cotton; that while this suit was pending the plaintiff, at the request of Charlie Fuller, paid to Shows for the mercantile company the said sum of $321.50 in full of said indebtedness to said mercantile company, with the express understanding and agreement, participated in and consented to by Charlie Fuller that said cotton or its proceeds was the property of the plaintiff; that Shows was to hold it or its proceeds until the suit against the mercantile company was finally determined; that, if Hawkins won the suit, then the cotton or its proceeds was to be delivered to Hawkins, but that, if the mercantile company won the suit, then that Shows was to deliver the cotton or its proceeds to the plaintiff. In other words, the plaintiff's theory is that, when he paid the $321.50 to Shows

for the mercantile company, the indebtedness of Charlie
Fuller to the mercantile company was canceled, that
the mercantile company, through such payment, and
through the contract which Shows, as its general man-
ager, had a right to make, no longer had any interest in
the said cotton or its proceeds, and that, under the terms
of the *contract,* Shows became a *stakeholder* of said
cotton or its proceeds. As such stakeholder, he was to
deliver the cotton or its proceeds to Hawkins in the
event Hawkins won the above-mentioned suit, but, in
the event Hawkins lost the said suit, then that Shows,
as such stakeholder, was to deliver the cotton or its
proceeds to the plaintiff.

There was evidence tending to support the above the-
ory of the plaintiff. The evidence shows that Hawkins
lost the above suit. The evidence fails to show what has
been done with the proceeds of the cotton; but there
was evidence that the plaintiff, before this suit was com-
menced, demanded the cotton or its proceeds of Shows,
and that Shows refused to deliver the cotton or its pro-
ceeds to the plaintiff. The plaintiff claims that, when
he paid the $321.50 to Shows, it was understood that
the cotton or its proceeds, if delivered to him, was to
be credited by him on Charlie Fuller's indebtedness to
the plaintiff. There was evidence tending to show that
when this case was tried the said $321.50, or a large
part of it, was still due the plaintiff by Charlie Fuller.

2. The office of the phase "to wit," in *pleading* is to
state *time, place, number,* or *manner,* which are not of
the essence of the matter in issue, so that they may not
be required to be proven *strictly* as laid.—*Kilgore &
Son v. Shannon & Co.,* 6 Ala. App. 537, 60 South. 520,
and authorities there cited. In the instant case the
time when, according to the allegations of the com-
plaint, the plaintiff's cause of action arose was started

under a videlicet. There is therefore nothing in the contention of the appellee that the plaintiff was held strictly to the proof of the exact time laid in the complaint as to the day upon which his cause of action arose. The time when the cause of action arose was not of the essence of the plaintiff's cause of action.

3. In this case we have nothing to do with the question as to the preponderance of the evidence. There was evidence from which the conclusions of fact stated by us at the head of this opinion could have been inferred by a jury. In fact the plaitiff swore point blank to most of those facts, and when there is a conflict in the evidence, or conflicting inferences to be drawn from the evidence, a case is made for the determination of a jury. A review of all the evidence, with its material conflicts, and with the conflicting inferences which could have been drawn not irrationally from it, convinces us that the trial court committed reversible error in giving to the jury the affirmative charge in behalf of the defendant.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.

