# Louisville & Nashville R. R. Co. *v.* Davis. ·

### Injury to Stock.

(Decided April 20, 1916. 71 South. 682.) .

1. **Railroads; Injury to Stock; Burden of Proof.**—Where the action was against a railroad for injury to a horse, and the only negligence charged was "in running an engine into a horse" and there was no count relying on negligence as for frightening the animal and thereby causing the injury, the provisions of § 5476, Code 1907, were applicable, and the burden was not on plaintiff to show negligence on the part of the agent of the road, as would have been the case had the injury been caused by merely frightening the animal.

2. **Same; Instructions.**—In such an action an instruction putting the burden on plaintiff to reasonably satisfy the jury that defendant was operating the road, that it damaged the horse, and that, after plaintiff established his ownership and that the horse was damaged by the train, the burden was on defendant to show, and all the evidence would have to establish that defendant was not guilty of negligence in killing the horse, although possessing misleading tendencies when standing alone, was cured by instructions that the jury must believe, before plaintiff was entitled to recover, that defendant was responsible for the injury; that is, that its train ran into and injured the horse on account of the negligence of defendant, etc.

3. **Charge of Court; Misleading; Request.**—Where parts of the oral charge possessed misleading tendencies, they should have been removed by requested explanatory charges.

4. **Same; Inapt.**—Charges which are inapt to the evidence, are properly refused.

5. **Same; Covered by Those Given.**—It is not error to refuse requested instructions fully or substantially covered by instructions given.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Action by George Davis against the L. & N. R. R. Co. for damages for injury to a horse. Judgment for plaintiff and defendant appeals. Affirmed.

(Transferred from Court of Appeals under Acts 1911, p. 449.)

Tillman, Bradley & Morrow, for appellant. Goodwyn & Ross, for appellee.

MAYFIELD, J.— (1) This action is to recover damages for injuries to plaintiff's horse. The only negligence alleged was in "running an engine into a horse." There was no count relying on negligence as for frightening the animal, and thereby causing the injury; hence the statute (section 5476 of the Code) was applicable to the case. And hence there was no error in the court's declining to charge the jury that the burden of proof was on the plaintiff to establish negligence on the part of defendant's agents —which would have been true if the injury had been caused from or in consequence of negligence in merely frightening the animal. —*Garth v. N. C. & St. L. Ry.*, 186 Ala. 145, 65 South. 166.

The trial court affirmatively instructed the jury that the plaintiff could not recover, unless they were reasonably satisfied from the evidence that the engine collided with the plaintiff's horse.

(2) The defendant excepted to the part of the oral charge which was as follows: "That puts the burden of proof upon the plaintiff to reasonably satisfy this jury that the defendant was operating this railroad as alleged, and that they damaged the horse of the plaintiff; if the plaintiff establishes the ownership of the horse, and this horse was damaged by the defendant's train, the burden would rest upon the defendant to show by the evidence, and all the evidence in the case would have to establish, after that, that the defendant was not guilty of any negligence in and about the killing of the horse."

This statement, standing alone, unquestionably possessed misleading tendencies, if it was not wholly erroneous; but taken in connection with other parts of the oral charge, and with the written requested charges given at the defendant's request, the excerpt is cured of its misleading tendencies, and of error, if such there be, inherent when it is considered alone. For example, the court in its oral charge instructed the jury that:

"You must believe before the plaintiff is entitled to recover that the defendant is responsible for the injury; that is, its train ran into this horse, and injured it, on account of the negligence of the defendant."

The court also instructed the jury, at the request of the defendant, as follows: "(3) The court charges you that, unless you are reasonably satisfied from the evidence that plaintiff's horse was injured by being struck by defendant's engine, you must find for the defendant.

"(4) The court charges you that, if the defendant's engine did not strike plaintiff's horse, the burden of proof does not rest upon the defendant to acquit itself of negligence in and about the injuring of plaintiff's horse.

"(5) The court charges the jury that, unless you are reasonably satisfied by the evidence that defendant's train did come in actual physical contact with the plaintiff's horse, there would be no duty on defendant to exonerate itself of negligence."

(3) If the excerpt possessed other misleading tendencies, they should and could have been removed by requested explanatory charges.

It will be noticed that the statute says that the defendant must show that there was no negligence on the part of the company or of its agents. The phrase "all the evidence," standing alone, of course possessed misleading tendencies; but it could have been explained by requested charges—and in some repects it was so cured.

(4, 5) There was no error in refusing any of the defendant's requested charges. Each was either bad, inapt, or misleading, or was fully covered by other given charges. There was likewise no error in any of the rulings on the evidence.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.