# Williams v. Shows.

### Assumpsit.

(Decided November 16, 1916.    73 South. 99.)

1. **Evidence; Pendency of Suit; Record.**—Proof of the pendency of a suit between a third party and defendant at the time of the agreement with defendant upon which plaintiff is suing should have been made by the production of the entire record, identified by the oath of its proper custodian, or a certified copy thereof.

2. **Same; Opinion; Motive.**—A witness cannot testify to his uncommunicated purposes or motive.

3. **Witnesses; Examination; Repetition.**—Where a witness had already stated the facts, the exclusion of a repeated question whose only purpose was to have him state his inference was not erroneous.

4. **Assumpsit; Evidence.**—Where the action was on the common count for money due plaintiff under an agreement with defendant that if plaintiff would pay the debt of a third person, in case defendant was successful, plaintiff should have cotton raised by the debtor, and in defendant's possession, but claimed by another, evidence as to where the cotton was raised was immaterial and inadmissible.

5. **Trial; Reception of Evidence; Showing Relevancy.**—There was no error in excluding the judgment entry in the action of a third party against the defendant, where there was nothing in the pleadings or the evidence to indicate its relevancy to the issues on the trial.

6. **Appeal and Error; Harmless Error; Evidence.**—Where the identical judgment entry was subsequently placed in evidence, the refusal previously to permit it to be introduced was harmless.

7. **Evidence; Best and Secondary.**—The best evidence of the result of a suit between a third party, and the defendant was the judgment entry made in that case; hence, the court properly refused to allow a witness to state how that suit terminated.

8. **Assumpsit; Evidence; Another Suit.**—In an assumpsit action evidence as to whether plaintiff in another pending action had a landlord's lien on the cotton, was immaterial.

9. **Evidence; Best and Secondary.**—The best evidence as to what was sued for by a plaintiff in another action was presumably the complaint, or that part of the record in the cause that showed the fact; hence, evidence as to how many bales of cotton were being sued for in such other action was inadmissible.

10. **Same; Former Opinion.**—Where the action was on the common count for money due plaintiff under an agreement with defendant that if plaintiff would pay the debt of the third person, plaintiff should have the cotton raised by the debtor, and in defendant's possession, but claimed by another, if defendant should be successful therein, the opinion of the Supreme Court reversing the first judgment for defendant did not tend to clear up any disputed question of fact, and was properly excluded.

[Williams v. Shows.]

11. **Assumpsit; Evidence; Amount Due.**—In such an action, it is proper to permit defendant to show by the debtor, a third party, how much the debtor owed defendant.

12. **Same; Mortgage.**—In such an action there was no reversible error in permitting the debtor of defendant to testify as to what property was included in the mortgage executed by him to defendant, and by defendant, transferred to plaintiff at the time plaintiff agreed with defendant to pay the debt.

13. **Witnesses; Examination; Leading Question.**—Where a witness stated that he did not recollect about an arrangement as to the cotton, the court properly refused to permit the witness to state what cotton he referred to.

14. **Evidence; Receipts; Explanation.**—A receipt is open to explanation, and it is competent for a creditor to show that a debtor owed him as much as the sum presently paid, plus the value of the cotton received from the debtor.

15. **Witnesses; Examination; Discretion.**—It is within the discretion of the trial court to permit or refuse to permit a leading question.

APPEAL from Crenshaw Circuit Court.

Heard before Hon. A. E. GAMBLE.

Assumpsit by H. Williams against T. W. Shows. Judgment for defendant and plaintiff appeals. Transferred from the Court of Appeals under section 6, Acts 1911, p. 449. Affirmed.

Count A, together with the facts, will be found reported in 187 Ala. 132, 65 South. 839. The following are the assignments of error referred to in the opinion:

(8) The court erred in not allowing witness Black to answer the question as to how the suit of Hawkins for the seven bales of cotton terminated, no grounds of objection being stated.

(9) The court erred in not allowing witness Hawkins to answer this question, "Did you have a landlord's lien on the seven bales of cotton?"

(10) The court erred in not allowing the witness Hawkins to answer this question, "How many bales of cotton were you being sued for?"

(11) The court erred in refusing the offer in evidence of the opinion of the Supreme Court in this case on the appeal from the former judgment.

(1) The court erred in stating, after excluding what the witness Charley Fuller had said about what Shows told him, that his statement of the amount of the account was retained.

(13) The court erred in permitting the witness Fuller to state the amount of his indebtedness to the Farmers' Supply Company.

(14) The court erred in allowing witness Fuller to state what was in the mortgage against him, turned over to plaintiff by Shows in getting the $321.50.

(15) The court erred in refusing to allow the witness to say what cotton he referred to, stating that he did not recollect about an agreement as to "the cotton."

(16) The court erred in allowing defendant's attorney to ask defendant this question, viz., "Mr. Rushton asked you if you ever turned the cotton over to Mr. Williams or Charley Fuller; as a matter of fact, he owed you that much on that demand, didn't he?"

W. A. GUNTER, for appellant. F. B. BRICKEN, and POWELL & HAMILTON, for appellee.

SAYRE, J.—Plaintiff's (appellant's) contention in this cause is made to appear in count A, shown in the report of a former appeal.—*Williams v. Shows*, 187 Ala. 132, 65 South. 839. However upon remandment to the trial court, count B was added, alleging that the suit, with reference to the result of which the parties contracted, was pending between Hawkins and the Farmers' Supply Company, whereas, in count A, the allegation was of a suit pending between Hawkins and the defendant Shows.

Defendant's contention was that Fuller owed him or his company, the Farmers' Supply Company, the sum of $643, and that he (defendant), acting for the company, had accepted $321.50, 50 per cent. of the amount due, in payment of Fuller's indebtedness, with the understanding, however, that he would take the chance of getting the balance out of the cotton for which Hawkins was then suing his company. This issue was submitted to a jury, and plaintiff has appealed.

(1) Plaintiff asked a witness this question: "Do you know whether there was a suit pending between Mr. Frank Hawkins and defendant at that time?" meaning the time of the agreement alleged in the complaint. It is doubtful that plaintiff had not the full benefit of the witness' affirmative answer, made after the ruling; but, however that may have been, there was no error to reverse for the reason that it is clear upon the record that plaintiff desired to prove the pendency of a suit and the style and title of the same as these things were alleged in the complaint, not that there was no suit (the law of which case appellant states in his brief), and the law is plain to the effect that he should have

produced the original record, identified by the oath of its proper custodian (which the witness was not), or a certified copy of the same.—Jones on Ev. § 623.

(2, 3) It is the well-established law of this state that a witness cannot testify to his uncommunicated purposes or motives. This answers assignments of error numbered 3 and 4. The ruling covered by the fourth assignment may also be very well justified on the ground upon which the trial judge seems to have put it: the witness had previously stated the facts, so that the only purpose to be served by the repeated question was to have the witness state his inference as to the meaning and effect of the transaction in question.

(4) The inquiry as to where the seven bales of cotton that had been in dispute between Hawkins and Shows, or the Farmers' Supply Company, was raised was of no consequence in the case at bar. The case between Hawkins and Shows was not to be retried; proof as to it was relevant only to identify the subject-matter of that suit and show the result.

(5, 6) Our opinion is that there was no error in excluding the judgment entry in *Hawkins v. Farmers' Supply Company* when first offered in evidence. At that time there was nothing in the pleadings or in the evidence to indicate the relevancy of this judgment entry. Count B, alleging such a judgment, appears to have been added after the ruling in question. But, without regard to the question of error, there could be no reversal on this point, for the very good reason that the identical entry was subsequently placed in evidence.

(7) We dispose of the eighth assignment of error by saying that the best evidence of the result of the suit between Hawkins and the Farmers' Supply Company, or Shows, was the judgment entry made in that case.

(8) Assignment 9. As we have already suggested, there was no occasion for going into the facts, which were, or should have been, proved at the trial of the case between Hawkins and the Farmers' Supply Company.

(9) 10. The best evidence of what Hawkins had sued for in his suit was such part of the record in that cause, the complaint, presumably, as showed the fact.

(10) 11. It is said on the brief for appellant that the opinion of this court in this case, reversing the first judgment (187 Ala. 132, 65 South. 839, supra), and offered in evidence by plaintiff,

should not have been excluded. The said opinion did not tend to shed light upon any disputed fact, and there was no error in sustaining defendant's objection to it.

(11) 12 and 13. In view of Shows' contention, stated above and supported by his testimony, it was proper to permit him to show by the testimony of Fuller how much Fuller had owed him. If Fuller's testimony corroborated Shows, then Shows was entitled to that corroboration. If, on the other hand, Fuller's testimony be construed as in contradiction of Shows' testimony, certainly it did plaintiff no harm to allow Shows thus to contribute to the cause of his adversary.

(12) 14. According to the authority of *Foxworth v. Brown,* 120 Ala. 59, 24 South. 1, and some cases there cited, there was no reversible error in allowing the witness Fuller to testify as to what property was included in the mortgage executed by him to Shows (or the Farmers' Supply Company), and by the latter transferred to plaintiff at the time of the transaction, plaintiff's version of which was alleged in the special counts of the complaint, this testimony having relation to a fact drawn into question collaterally only. Besides—and this seems to the writer to be the true ground on which to justify the ruling—plaintiff had testified that he had delivered the mortgage to the mortgagor, the witness, and after the court had overruled plaintiff's objection to the question about the property included in the mortgage, but before the question was answered, the witness, upon being interrogated to the point, said that he did not have the mortgage, and did not know where it was, and then, without further objection, testified as to the property covered by the mortgage. This showing, in the absence of further objection at least, afforded a sufficient predicate for the introduction of secondary evidence of the contents of the mortgage.

(13) 15. The brief writer for appellant, plaintiff below, has misapprehended the situation in regard to the ruling made the subject of this assignment. Appellant's attorney in the trial court, not the attorney for appellee, put words in the mouth of the witness, as the brief alleges. This, then, was good reason for the court's action in sustaining an objection to the question which the brief writer has characterized, and not inaptly, as an invitation to the witness.

(14, 15) 16. Defendant's receipt, though purporting to be a receipt in full, was open to explanation, and it was competent

[Joseph Espalla, Jr. & Co. v. Warren.]

for defendant to show, as tending to support his contention as to the nature of the agreement out of which the suit arose, that Fuller owed him as much as the sum presently paid, plus the value of the cotton he had received from Fuller. This was the effect of the testimony to which this assignment of error is addressed. The question was leading, as the brief avers, but it was within the discretion of the court to overrule any objection taken on that ground.

17. The brief argues assignment "17;" but there is no assignment "17" on the record.

Very clearly this case was one for jury decision, and to a jury it was submitted, fairly and without reversible error so far as we can see on the record. There is no merit in the appeal, and the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and Gardner, JJ., concur.