(79 South. 400)

ODEN–ELLIOTT LUMBER CO. v. LOUISVILLE & N. R. CO. (6 Div. 189.)

(Court of Appeals of Alabama. Dec. 18, 1917. Rehearing Denied Feb. 5, 1918.)

1. CARRIERS ⊙⟹79 — CARRIAGE OF GOODS — ROUTE.

In absence of special contract, obligation of carrier of goods is to transport them by usual and customary route proposed by him to public, without any unnecessary deviation.

2. CARRIERS ⊙⟹79—CARRIAGE OF GOODS—DIRECT TRANSIT TO DESTINATION.

Prima facie direct transit by carrier to destination indicated by bill of lading is intended by shipper and carrier.

3. CARRIERS ⊙⟹116—CARRIAGE OF FREIGHT—DAMAGES FROM DEVIATION.

Where railroad failed in duty to transport lumber to destination by most direct route, shipper could recover damages accruing as proximate consequence of such breach of duty.

4. CARRIERS ⊙⟹202—CARRIAGE OF FREIGHT—DEVIATION—RECOVERY OF OVERCHARGE.

In view of Acts 1909, p. 210, § 2, prohibiting carriage charge greater or less than specified in published rates, shipper whose lumber is carried to destination by roundabout, and not by most direct, route cannot recover difference between lawful rate over roundabout route and lower lawful rate over direct route.

Appeal from City Court of Birmingham; H. A. Sharpe, Judge.

Action by the Oden-Elliott Lumber Company against the Louisville & Nashville Railroad Company. From judgment for defendant, plaintiff appeals. Affirmed.

Certiorari denied, 201 Ala. 700, 78 South. 989.

Action by the plaintiff in the court below against the defendant to recover overcharge in freight and for a statutory penalty. From a judgment for the defendant the plaintiff appeals. There were seven counts in the complaint, the first claiming both a penalty and overcharge, the last the penalty alone, and the others claiming for an overcharge. The sixth was in Code form for money received to the use of the appellant. Issue was joined on a plea of the general issue in short by consent, with leave to give in evidence any matter as if the same had been specially pleaded.

The following is the agreed statement of facts:

"That the defendant was during the year 1914, and continuously since that time, a common carrier of freight for hire and compensation in the state of Alabama, and owned and operated a line of railroad from Talladega Springs, Ala., to Calera, Ala., and a line of railroad from Calera, Ala., through Montgomery, Ala., to Flomaton, Ala., and a line of railroad from Flomaton, Ala., to Selma, Ala., all of which lines are hereinafter referred to as 'All L. & N. Route'; that the Southern Railway during said times was a common carrier for hire and compensation in the state of Alabama, and owned and operated a line of railroad from Calera, Ala., to Selma, Ala., which line of railroad connected at Calera, Ala., with the said line of railroad of the defendant running from Talladega Springs, Ala., to Calera, Ala.; said Louisville & Nashville line of railroad from Talladega Springs to Calera and said Southern Railway line from Calera to Selma being hereinafter referred to as 'L. & N.—Southern Route'; that on, to wit, the 17th day of February, 1914, the plaintiff delivered to the defendant at Talladega Springs, Ala., a certain car of lumber loaded upon Louisville & Nashville car No. 3279, to be hauled and delivered by the defendant to Dallas Lumber & Manufacturing Company, at Selma, Ala.; that neither the plaintiff nor the said consignee requested the defendant to haul said car of lumber, or cause the same to be hauled over any particular line or lines of railroad, and no instructions were given to the defendant with reference to the route over which said car should be transported from Talladega Springs, Ala., to Selma, Ala., and that said shipment was what is known as 'an unrouted shipment'; that the defendant hauled said car over said 'All L. & N. Route' to Selma, Ala., and safely delivered the same to said consignee at Selma, Ala., in like good condition as when it was received by the defendant; that it was possible for the defendant to have delivered the said car to the Southern Railway

at Calera, Ala., and for the Southern Railway to have carried said car from Calera, Ala., to Selma, Ala., and to have delivered the same to the consignee at Selma, Ala.; that the weight of the lumber in said car was 41,200 pounds; that at the time said carload of lumber was delivered to the defendant, and at the other times herein mentioned, the lawful tariff charges for the transportation of lumber in carload lots from Talladega Springs, Ala., via Calera and Flomaton, Ala., to Selma, Ala., over said 'All L. & N. Route' was 12 cents per 100 pounds; that said Dallas Lumber & Manufacturing Company, as the agent of the plaintiff, paid to the defendant the sum of $49.44, in full payment and settlement of the tariff charges demanded of it by the defendant for. the transportation of said car of lumber, from Talladega Springs, Ala., to Selma, Ala., over said 'All L. & N. Route'; that at the time said car of lumber was delivered to the defendant, and at all other times herein mentioned, the lawful tariff charges for the transportation of lumber in carload lots from Talladega Springs, Ala., to Selma, Ala., over said 'L. & N.—Southern Route' was 9⅛ cents per 100 pounds; that, if said car of lumber had been transported over said 'L. & N.—Southern Route,' the total lawful charges due for said transportation thereof would have been $37.60; that all of said lawful tariff charges herein referred to were duly fixed, established, promulgated, published, and posted, and were in full force and effect at the times mentioned; that on, to wit, the 15th day of April, 1914, the plaintiff delivered to the defendant the written instrument hereto attached, marked Exhibit A and made a part hereof, and supported the same by paid freight bill, and did on said day demand that the defendant pay it the sum of $11.84, as shown by said written instrument; and that the defendant has failed or refused to pay the plaintiff said amount."

Allen, Fisk & Townsend, of Birmingham, for appellant. Tillman, Bradley & Morrow and J. A. Simpson, all of Birmingham, for appellee.

SAMFORD, J. [1] In the absence of a special contract, the obligation of a carrier of goods is to transport them by the usual and customary route proposed by him to the public, without any unnecessary deviation. Niagara v. Cordes, 21 How. 7, 16 L. Ed. 41; Pierce v. Southern Pacific Co., 120 Cal. 156, 47 Pac. 874, 52 Pac. 302, 40 L. R. A. 350; Powers v. Davenport, 7 Blackf. (Ind.) 497, 43 Am. Dec. 100; Empire Transportation Co. v. Wallace, 68 Pa. 302, 8 Am. Rep. 178; 5 English Ruling Cases, 273.

[2] Prima facie direct transit to the destination indicated by the bill of lading is intended. 2 British Ruling Cases, 590. "In the absence of specific through routing by the shipper, it is the duty of the carrier to route shipments by the cheapest reasonable route over which lawfully established rates are in force." Foster Lumber Co. v. Atchison, Topeka & Santa Fé Ry. Co., 17 Interst. Com. Com'n Rep. 294.

[3, 4] In accordance with the foregoing rules, it follows that it was the duty of the defendant to have routed the shipment of the plaintiff via the Southern Railway, and to have delivered the car of lumber to the Southern Railway as a connecting carrier at Calera, Ala., and the carriage of the car of lumber via the "All L. & N. Route," as was done in this case, was a breach of duty owing by the defendant to the plaintiff, for which the plaintiff could recover such damages as might have accrued as a proximate consequence of such breach of duty, but in this case it is agreed that the lawful rate over the "All L. & N. Route," as fixed and promulgated, published, and posted, was 12 cents per hundredweight, and the statute (Acts of Legislature 1909, p. 210, § 2) prohibits common carriers from carrying freight at a greater or less compensation than is specified in these printed schedules and fixed rates. It is further agreed that the defendant company rendered the service to the plaintiff of transporting its carload of lumber to Selma, Ala., via Flomaton, over which route the legal rate was 12 cents per hundredweight, and that it delivered the lumber safely and within a reasonable time to the consignor.

If the defendant had paid the demands of the plaintiff, it would have been in violation of a penal statute of this state. If this court should enforce a judgment against the defendant for the difference between 9⅛ cents per hundredweight and 12 cents per hundredweight, it would in effect nullify the rates as fixed by law and the penal statute protecting those rates. In the absence of a legally fixed rate between Talladega Springs and Selma, Ala., regardless of the route over which the car of lumber was transported, we are bound to hold that the trial court did not err in rendering judgment for the defendant.

We find no error in the record, and the judgment is affirmed.

Affirmed.