(81 South. 135)

SOUTHERN RY. CO. v. FREEMAN.
(7 Div. 480.)

(Court of Appeals of Alabama. Feb. 4, 1919.)

1. EXCEPTIONS, BILL OF &#8660;49—FORMALITIES —AGREEMENT BY PARTIES.

Agreement by counsel for appellant and appellee that bill of exceptions is correct, and that it might be established without further proof, where incorporated in the bill of exceptions, dispensed with the formalities required by Gen. Acts 1915, p. 816.

2. APPEAL AND ERROR &#8660;1170(3)—REVIEW— HARMLESS ERROR.

Court's action in striking special pleas filed to the complaint was without injury, under Supreme Court rule 45 (61 South. ix[1]), where such pleas amounted to nothing more or less than the general issue, and the defendant had the privilege of proving any fact or circumstance alleged therein under his plea of general issue.

3. APPEAL AND ERROR &#8660;518(6)—RECORD— BILL OF EXCEPTIONS—MOTION TO STRIKE AMENDED PLEA.

Court's action in striking amended plea is not reviewable, where motion to strike plea is not set out in the record, and the ruling of the court is not presented by bill of exceptions.

4. TRIAL &#8660;253(6)—INSTRUCTIONS.

An instruction which pretermits the consideration of the evidence was properly refused.

5. RAILROADS &#8660;447(3) — KILLING CATTLE — INSTRUCTIONS—PRESUMPTION.

In action for killing of cow by defendant's train, requested instructions relating to burden of proof were properly refused, where directly in opposition to Code 1907, § 5476, requiring railroad, upon proof of the killing of such cow, to prove itself not negligent.

6. RAILROADS &#8660;419(6) — KILLING CATTLE — NEGLIGENCE.

Where engineer, upon seeing cow on track, used all means necessary to stop the train to prevent injury to cow, railroad was not liable for cow's death.

7. RAILROADS &#8660;441(1)—KILLING ANIMALS— NEGLIGENCE—BURDEN OF PROOF.

In action for death of cow by defendant's train, railroad is required to prove that its engineer was not negligent in operation of train, in view of Code 1907, § 5476.

Appeal from Circuit Court, Talladega County; Marion Sims, Judge.

Action by R. F. Freeman against the Southern Railway Company for damages for killing a cow. Judgment for plaintiff, and defendant appeals. Affirmed.

The pleas were in effect, with the exception of the third plea, that the cow came upon the track suddenly, at or near the train that killed her, and in such close proximity to the train that it could not be stopped by the application of the means of stopping a train, all of which were at hand and skillfully applied by the engineer and the fireman, each of whom were keeping a lookout ahead and discovered the cow as soon as it was possible to discover her.

Plea 3, as amended, set up the fact that at the time and place where the cow was killed it was unlawful for stock to run at large, the defendant's right of way at such place was unfenced, and that the cow was out of the custody and control of plaintiff, and was grazing on the right of way of defendant; that the train was fully equipped with all the best mechanical devices for sounding an alarm and for stopping the train, all of which was skillfully used by the defendant's engineer immediately upon discovery of the cow on right of way.

Charge 6, refused the defendant, is as follows:

If there is a single man on this jury who is not reasonably satisfied that the defendant railroad company was guilty of negligence, then your verdict cannot be for the plaintiff.

Knox, Acker, Dixon & Stewart, of Talladega, for appellant.

Riddle & Riddle, of Talladega, for appellee.

BRICKEN, J. This was an action to recover damages for the killing by defendant of plaintiff's cow. This cause is submitted upon the merits and also upon a motion to strike the bill of exceptions.

[1] The motion to strike the bill of exceptions must be overruled. There is incorporated in the bill of exceptions, and at the end thereof, an agreement, by counsel representing respectively the appellant and appellee, that the bill of exceptions is correct, and that it might be established without further proof. This dispensed with the formalities required by the act of the Legislature found in the General Acts of 1915, p. 816.

[2] Special pleas filed to the complaint were stricken at the instance of the plaintiff. These several pleas amounted to nothing more or less than the general issue, and the defendant had the privilege of proving any fact or circumstance alleged in the various pleas under his plea of the general is-

———

&#8660;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 175 Ala. xxi.

sue. Striking them was error, if any, without' injury. Supreme Court rule 45 (175 Ala. xxi, 61 South. ix); Barnes v. Marshall, 193 Ala. 94, 69 South. 436.

[3] The court's action in striking amended plea 3, made the basis of assignment of error 9, is not presented for review, as the motion to strike this amended plea is not set out in the record, and this ruling of the court is not presented by bill of exceptions. The assignments of error based upon the rulings of the court upon the evidence are without error. The evidence objected to was relevant and competent.

[4, 5] Charge 6 pretermits the consideration of the evidence and was properly refused. Many of the special charges requested by the defendant, relating to the burden of proof, were directly in opposition to section 5476 of the Code of 1907, and were properly refused. L. & N. R. R. Co. v. Davis, 196 Ala. 14, 71 South. 682.

[6, 7] Other of defendant's special charges had already been covered by the general oral charge of the court. We refer especially to the following correct statement of the law given by the court to the jury:

"If you should believe from this evidence that this cow went on the defendant's track, and that as soon as the engineer saw the cow, or perceived the danger the cow was in, he used all means necessary to stop the train to prevent injury to the cow, then the railroad company would not be liable. On the other hand, if the railroad company has failed to satisfy you that the engineer operating its train was not guilty of negligence, then the railroad company would be liable for killing the cow."

The evidence as to the value of the cow, while somewhat in conflict, sufficiently justified the assessment of damages made by the jury.

The motion for new trial was properly overruled. The judgment of the lower court is affirmed.

Affirmed.