(84 South. 631)

HURT v. ATLANTA, B. & A. RY. CO.

(7 Div. 543.)

(Court of Appeals of Alabama. Nov. 18, 1919.)

1. APPEAL AND ERROR ⬥⇒682—ASSIGNMENTS RELATING TO MOTIONS TO STRIKE NOT MADE PART OF RECORD NOT CONSIDERED.

Where appellant's motions to strike various pleadings were not reduced to writing and filed so as to become a part of the record, nor were they made a part of the bill of exceptions, assignments relating to the overruling of the motions present nothing for review.

2. CARRIERS ⬥⇒30—PUBLISHED RATES FIXED BY INTERSTATE COMMERCE COMMISSION ARE PART OF EVERY CONTRACT.

The tariffs or rates fixed and approved by the Interstate Commerce Commission and published by law are part of every contract for interstate affreightment.

3. CARRIERS ⬥⇒196—CARRIER MAY RECOVER IN ASSUMPSIT THE LAWFUL RATE.

After completion of a contract for carriage of goods the carrier may maintain an action of assumpsit on the common counts to recover the lawful rate or any unpaid balance against the owner of the goods.

4. CARRIERS ⬥⇒196—COUNTS OF COMPLAINT HELD COMMON COUNTS AND DEMURRER PROPERLY OVERRULED.

Counts in the complaint seeking to recover for an undercharge on interstate freight, stating that plaintiff railroad company claimed $97.80 with interest on an account which was due and unpaid, etc., held nothing more than common counts, and so demurrers thereto were properly overruled.

5. APPEAL AND ERROR ⬥⇒1040(14)—OVERRULING OF DEMURRER TO SPECIAL COUNTS IMMATERIAL.

The propriety of the overruling of demurrers to special counts is unnecessary to consider, where plaintiff, if entitled to recover at all, was entitled to recover under the common counts, and there was nothing to show that the rulings were prejudicial.

6. CARRIERS ⬥⇒196—IN ASSUMPSIT FOR UNPAID FREIGHT, CONTENTION THAT CLAIM WAS NOT OWNED RAISED UNDER GENERAL ISSUE.

In assumpsit on claim for unpaid freight, contention that the claim was not owned by plaintiff can be raised under the general issue.

7. APPEAL AND ERROR ⬥⇒1040(7)—SUSTAINING OF DEMURRER HARMLESS, WHERE SAME DEFENSE COULD BE MADE UNDER OTHER PLEAS.

The sustaining of demurrers to particular pleas was harmless, where the same defense could be presented under other pleas.

8. SET-OFF AND COUNTERCLAIM ⬥⇒41—CLAIM AGAINST ONE NOT A PARTY CANNOT BE SET OFF.

In an action by railroad company for unpaid freight, held that, under Code 1907, § 5858,

a claim of the shipper against a receiver of the company who was not a party cannot be set off.

9. CARRIERS ⬥⇒30 — CARRIER MAY RECOVER SCHEDULE RATES THOUGH LOWER RATE QUOTED.

Regardless of the shipper's reliance on the quotation of a lower rate, a common carrier may recover for interstate affreightment the rates fixed by the published schedules and tariffs.

Appeal from Circuit Court, Talladega County; Hugh D. Merrill, Judge.

Action by the Atlanta, Birmingham & Atlantic Railway Company against W. P. Hurt to recover for an undercharge of freight upon a shipment of oranges from Ora, in the state of Florida, to Lineville, in the state of Alabama. Judgment for plaintiff, and the defendant appeals. Affirmed.

The only reference to the motion to strike count 4 and pleas 8 and 9 is contained in the judgment of the court wherein it is recited:

"Whereupon the defendant moves the court to strike count 4, and this motion to strike count 4 being submitted to the court and understood by the court, it is ordered adjudged and decreed by the court that the said motion be and the same is overruled."

The same recital occurs as to the motion to strike pleas 8 and 9.

The following are counts 1 and 2 of the complaint:

(1) Plaintiff claims of the defendant the sum of $97.80, together with the interest thereon, due by the defendant to the plaintiff by an account on, to wit, December 18, 1913, which said account is past due and unpaid.

(2) Plaintiff claims of the defendant, to wit, $97.80, with interest thereon from December 18, 1913, both of which is past due and unpaid, for and on account of a shipment of, to wit, 300 boxes of oranges, aggregating in weight, to wit, 24,000 pounds, from the station of Ora, in the state of Florida, to Lineville, a station in the state of Alabama, part of which transportation was over the line of railway of the plaintiff, upon which shipment the legal rate of freight chargeable for such transportation was, to wit, $238.80, as shown by the legal published tariff of freight charges on file and in force and effect; and plaintiff avers that the defendant paid for and on account of such transportation charges the sum of, to wit, $141, and that said balance of $97.80 has never been paid.

The following are the pleas of the defendant referred to in the opinion:

(3) The demand sued on has not been transferred to the plaintiff by decree of said court of the United States.

(4) The defendant has paid before the bringing of this suit all that was legally due and owing on the amounts sued on.

(5) The defendant paid to the Atlanta, Birmingham & Atlanta Railway Company $181.80

⬥⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

17 ALA.APP.—16

at the time said oranges were delivered to the defendant, and the same was an amount equal to or greatly in excess of all amounts due said railway company for any and all charges legal it had against this defendant for the transportation of said oranges by it.

(6) At the time said account was transferred to the plaintiff the said Atlanta, Birmingham & Atlantic Railway Company, or the receiver operating the same, and the said railway company or the receiver, from whom plaintiff acquired the account, was indebted to this defendant in the sum of $100 by account, and the defendant offers the same as a set-off against the demands sued on.

(7) The receivers of the Atlanta, Birmingham & Atlantic Railway Company, who were operating the same, falsely represented to defendant that the freight on a car of oranges from Ora, in the state of Florida, to Lineville, in the state of Alabama, would amount to $181.80, and by means of such false representation induced the defendant to purchase said oranges at Ora, Fla., and ship same to Lineville, in the state of Alabama, for the purpose of selling the same for a profit, and the defendant did not know what said freight rate was, and relied upon such representations, and purchased and caused to be shipped and sold said oranges based on such freight rate, and paid same to the receivers of the said Atlanta, Birmingham & Atlantic Railway Company, and if the rate is greater or more than $181.80 the excess would be a loss to the defendant, and the defendant would be damaged to that extent, and said receivers would be and are liable to the defendant at the time said account was transferred to the plaintiff, and defendant offers to recoup the demands sued on to that extent, which amount is equal to any demand sued on by plaintiff, or due to plaintiff.

(10) Same as 7, with the added averment: "The defendant requested in writing of said receiver said rate, and same was furnished this defendant by said receiver in writing."

Riddle & Riddle, of Talladega, for appellant.

The complaint should aver that defendant was the owner of the goods, or that defendant was the consignee, received and accepted the shipment. 196 Ala. 280, 72 South. 120; 193 Ala. 108, 68 South. 981, Ann. Cas. 1916E, 376; 2 Hutchinson on Carriers, § 807. The complaint should also aver that the undercharge was not in conformity to the legal rate as promulgated and established by the Interstate Commerce Commission. U. S. Comp. St. 1901, Supp. 1911, 1284, 1338, and authorities supra. The other errors assigned are good, upon the same authorities.

W. B. Harrison, of Talladega, for appellee.

The motion to strike is not presented for consideration. 123 Ala. 406, 26 South. 239; 128 Ala. 537, 29 South. 602; 129 Ala. 200, 30 South. 560, 87 Am. St. Rep. 58; 132 Ala. 380, 31 South. 748; 144 Ala. 246, 40 South. 394, 6 Ann. Cas. 804; 147 Ala. 609, 41 South. 159. The true rate is that established and

promulgated by the Interstate Commerce Commission, whether known or not to either party. 9 Ala. App. 419, 64 South. 202; 109 Miss. 788, 69 South. 683; 84 Kan. 79, 113 Pac. 433, 33 L. R. A. (N. S.) 391; 31 Okl. 238, 120 Pac. 987, 38 L. R. A. (N. S.) 354; 4 Fed. Stat. Ann. 407–419; 219 U. S. 467. On these authorities, the case should be affirmed, as no error appears. See, generally, Southern Ry. Co. v. Freeman, 16 Ala. App. 687, 81 South. 135.

MERRITT, J. [1] Neither the motion of the defendant to strike count 4 of the complaint nor the plaintiff's motion to strike defendant's pleas 8 and 9 appear to have been reduced to writing and filed, so as to become a part of the record, nor are they made a part thereof by bill of exceptions; hence the assignments of error relating to these motions present nothing for review. Southern Ry. Co. v. Freeman, 16 Ala. App. 687, 81 South. 135; Acts 1915, p. 598.

[2] When the tariff or rate for the carriage of goods is fixed and approved by the Interstate Commerce Commission, and published as required by law, the law reads into every contract of affreightment such lawful and published rate. L. & N. R. R. Co. v. McMullen, 5 Ala. App. 662, 69 South. 683; Armour Pkg. Co. v. U. S., 209 U. S. 56, 28 Sup. Ct. 428, 52 L. Ed. 681.

[3] After the completion of a contract of carriage, the carrier may maintain an action of assumpsit on the common counts to recover the lawful rate, or any unpaid balance thereof, against the owner of the goods. Williams v. Shows, 187 Ala. 132, 65 South. 839.

[4] As we construe them, counts 1 and 2 are, in substance, nothing more than common counts, and the demurrers thereto were properly overruled.

[5] If the plaintiff was entitled to recover at all, it was entitled to recover under the common counts; and whether the action of the court in overruling the demurrers to the special counts was error is unnecessary to determine, since there is nothing in this record to show that these rulings were prejudicial to the defendant. Sovereign Camp, W. O. W., v. Ward, 201 Ala. 446, 78 South. 824.

[6-8] The facts stated in defendant's plea 3 are in negation of the plaintiff's ownership of the claim sued on, and were admissible under the general issue. Therefore the ruling of the court on the demurrers to this plea does not constitute reversible error. The substance of plea 5, to which the demurrer was sustained, is the same as plea 4, on which issue was joined, and the defendant had the benefit of this defense under plea 4. The sixth plea avers that the indebted-

ness sought to be set off against the plaintiff's demand was due from the plaintiff "or the receiver operating the same," who was not a party to this suit; and the demurrer to this plea was properly sustained. Code 1907, § 5858; Fowler v. Bellinger, 140 Ala. 240, 37 South. 225.

[9] The principles above stated, and upon which plaintiff's cause of action rests, preclude the defense embodied in pleas 7 and 10. The defendant, when he entered into the alleged contract, was charged with notice of the lawful and published rate, and therefore could not be deceived as to his liability under the contract of carriage. L. & N. R. R. Co. v. McMullen, supra.

This disposes of all the questions presented by this record, and, finding no reversible error, the judgment of the circuit court will be affirmed.

Affirmed.