(131 So. 3)

## PADGETT v. STATE.
### 4 Div. 713.

Court of Appeals of Alabama.
Nov. 25, 1930.

P. B. Traweek, of Elba, for appellant.

Charlie C. McCall, Atty. Gen., and Merwin T. Koonce, Asst. Atty. Gen., for the State.

SAMFORD, J.

The indictment contains two counts, the first under section 4158, Mitchie's Code 1928 and the second under section 4159 of the same Code. The above sections are the codification of Acts 1927, pp. 286 and 287. To sustain a conviction under the first section, the state must prove beyond a reasonable doubt that the defendant in Coffee county and within twelve months before the beginning of the prosecution, with intent to defraud, did make or utter a check on The First National Bank of Elba, knowing at the time that he had no funds or sufficient funds in such bank with which to pay the same. The second count is like unto the first, except that the defendant must, by the making or uttering of the check on defendant, have received money, merchandise, etc. Section 4160, which is also a part of the above act of the Legislature, provides a rule of evidence and a refusal of the drawee bank to pay such check on account of insufficient funds is prima facie evidence of intent to defraud and of a knowledge of insufficient funds.

In the instant case the defendant gave the check and he did receive for the check merchandise to the value of $4.60, and the check was refused by the payee bank. Whether the payment of the check was refused on account of insufficient funds or credit is one of the facts in issue. Even if it may be said that the evidence made a prima facie case against defendant, such prima facie case is rebuttable, and, when the evidence rebuts the presumption arising from a prima facie case, such presumption is at an end.

In the instant case the evidence is undisputed that at the time defendant gave the check for $4.60, to wit, May 25th, and received the merchandise, he had on deposit to his credit in the First National Bank of Elba an amount in excess of the amount of the check. The assistant cashier of the bank testified: "On the date of this check he had $8.74 in the bank, but the check was not presented on that day at the bank. Yes, on that day he had sufficient money to pay the check, if it had been presented." True, this witness also testified that had this check been presented on its date it would not have been paid: "It would not have been subject to check." This testimony was admitted over the objection and exception of defendant and was error. Such testimony was a conclusion of the witness. If a person has on deposit an amount of money in a bank it is subject to check, in the

absence of a special agreement to the contrary, so as to make it a special deposit.

It appearing from this record that the defendant had on deposit with the First National Bank of Elba sufficient funds with which to pay the check given by him, at the time such check was given, there can be no conviction under either sections 4158 or 4159 of the Code as appears in Mitchie's Code 1928, being a codification of Acts 1927, pp. 286, 287.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.