83 So.2d 370

### REPUBLIC STEEL CORPORATION

v.

### D. L. GILBERT.

7 Div. 332.

Court of Appeals of Alabama.

April 19, 1955.

Rehearing Denied Aug. 9, 1955.

Wm. Henry Beatty, Burr, McKamy, Moore & Tate, Birmingham, and Hood, Inzer, Martin & Suttle, Gadsden, for appellant.

Hobdy G. Rains, Geo. C. Hawkins, Rains, Rains & Acree, Hawkins & Copeland, Gadsden, for appellee.

CARR, Presiding Judge.

The plaintiff below, appellee here, was at one time employed by the appellant. The tenure of this employment brought the appellee within the terms of an agreement between the appellant and the United Steel Workers of America. This agreement provided in part:

"The foregoing lump sum payments shall be made to employees who are on the plant payroll on the date the plant standard hourly wage rates are officially established, and to former employees who are not on the plant payroll on the date the plant standard hourly wage rates are officially established provided such former employees file individually signed requests therefor in writing with the Company within 120 days after the date on which the standard hourly wage rates are officially established."

The complaint is in one count in code form for work and labor done and includes a time when the appellee was employed by the appellant. The amounts claimed relates only to the sum due under the retroactive wage adjustment indicated supra.

It is urged that appellee cannot sustain his cause of action under the common count because his right to recover is based on a contract. The trial judge overruled objections to the introduction of the agreement of concern, and the question is presented for our review in this manner.

In support of this position appellant cites Burkham v. Spiers, 56 Ala. 547; Hedden v. Wefel, 13 Ala.App. 485, 69 So. 225, and American Ry. Express Co. v. Stanley, 207 Ala. 380, 92 So. 642.

An examination of these authorities will disclose that each of these causes of actions was filed for damages for a breach of an executory contract. It is the law that common counts are not appropriate for damages under such circumstances. So long as the agreement remains executory, the plaintiff must declare on the contract.

In the case at bar the appellee had performed all services under his contract of employment. The only defense pressed by the proof was the alleged failure on the part of the appellee to comply with a condition precedent, by filing a signed request in writing with the appellant within the 120 day period as provided by the agreement. The suit, therefore, is not for damages for a breach of an executory contract, but rather for an amount certain due under an executed agreement.

This brings the cause within the influence of the holding in Woodrow v. Hawving, 105 Ala. 240, 16 So. 720, 721, wherein is found:

"Although a party may perform services under a special agreement, when the contract has been completed on one side, and nothing remains to be done but the payment of money, the party may maintain an action under the common counts, and introduce, in support of the complaint, evidence of a special contract of employment, as tending to show the character of the services rendered, the length of time, and also the value of the services * * *."

See, also, Martin v. Massie, 127 Ala. 504, 29 So. 31; Williams v. Shows, 187 Ala. 132, 65 So. 839; Smith-Schultz-Hodo Realty Co. v. Henley-Spurgeon Realty Co., 224 Ala. 331, 140 So. 443; Hurt v. Atlanta, B. & A. R. Co., 17 Ala.App. 241, 84 So. 631.

The rule seems to have extended to greater length in Dees v. Self Brothers, 165 Ala. 225, 51 So. 735, 736, wherein the court held:

"It is also true that if the party suing has partly performed the contract, and the other party has accepted the results of his work, he can recover the value of the same, on the common counts, except in such cases where the acceptance of the work was unavoidable."

See, also, Georgia Pine Lumber Co. v. Central Lumber & Timber Co., 6 Ala.App. 211, 60 So. 512.

The prime factual issues revolved around the question of whether or not the appellee filed the request for the retroactive wage benefits within the 120 day period as the agreement required. The payments became definitely established on August 1, 1947. At this time the appellee was not in the employment of the appellant.

The appellee testified that he saw a notice in the local newspaper which was inserted at the request of the president of the local labor union. The statement was:

" * * * All employees who have left the company since Dec. 23, 1943 may apply for back pay by writing S. L. Adams, Republic Steel's plant paymaster."

This information was acquired about the latter part of August, 1947. According to the appellee's testimony, he forthwith had prepared a letter, which he signed, making a formal request for the amount due him. This letter was addressed to the paymaster of the appellant, with the appellee's name and return address placed on the outside of the envelope. After being duly stamped, it was deposited in a drop box in the United States postoffice located in the city.

According to the testimony of appellant's paymaster and others, who were in position to know, this letter was never received by the addressee.

The appellant urges that, assuming the above facts are true, this was not a compliance with the terms of the agreement with reference to the filing of the request. The position is pressed that there should be proof that the letter so mailed was actually received by the appellant.

In support of this insistence, counsel cites from our jurisdiction In re State ex rel. Attorney General, 185 Ala. 347, 64 So. 310, and Ex parte State ex rel. Breitling, 221 Ala. 398, 128 So. 788.

The first case gives application to Supreme Court Rule 38, Code 1940, Tit. 7 Appendix, by which it is required that applications for rehearing must be filed with the clerk of the Supreme Court within fifteen days after the rendition of judgment.

The second case construes the provisions of Section 8967, Code 1923 (now Title 7, Section 43), which stipulates that the filing of a complaint or other statement of plaintiff's cause of action with the clerk or register of the court shall fix the time the suit was commenced. The court was here dealing with one of its rules and a statutory requirement.

We do not think that these authorities should control our decision in the instant case.

In case of Corinth Bank & Trust Co. v. Cochran, 219 Ala. 81, 121 So. 66, 67, the court held:

"A letter properly addressed, stamped, and mailed is presumed to have been received in due course. Evidence denying the receipt of the letter does not render evidence of its mailing inadmissible. Neither is conclusive. Whether it was so mailed and received becomes a jury question."

See, also, Holmes v. Bloch, 196 Ala. 322, 71 So. 670; W. T. Rawleigh Co. v. Deavours, 209 Ala. 127, 95 So. 459; Sorrell v. Scheuer, 209 Ala. 268, 96 So. 216; Corry v. Sylvia Y Cia, 192 Ala. 550, 68 So. 691; Corley v. Vizard, 203 Ala. 564, 84 So. 299; Byars v. James, 208 Ala. 390, 94 So. 536.

The case of Franklin Life Ins. Co. v. Brantley, 231 Ala. 554, 165 So. 834, involved the question of due filing of proof of disability claim. It was held in effect that evidence of mailing said proof raised a presumption of law that the same was received by the insurance company.

See, also, Sovereign Camp, W. O. W. v. Adams, 204 Ala. 667, 86 So. 737.

We entertain the view that the matter of instant concern is controlled by the above authorities, and this disputed factual issue was properly submitted to the jury.

Without dispute in the evidence there were a large number of former employees of the appellant who simply mailed in their requests for the retroactive payments. This method was accepted by the appellant, and settlements were made without question or contest.

We will not decide whether or not this amounted to a waiver of the position appellant took in the case of the appellee. If the occasion should arise in the further processes of this appeal, we will give study and attention to this matter.

The verdict of the jury is amply sustained by the testimony of the appellee and witnesses who deposed in his behalf. The trial judge took the view that the "due mailing" rule was applicable to this cause and he gave a very comprehensive charge in explaining the principle.

We are unable to say that this verdict was against the great weight of the evidence and the court was in error in overruling the motion for a new trial. Cobb v. Malone, 92 Ala. 630, 9 So. 738.

The judgment below is ordered affirmed.

Affirmed.

## On Rehearing

BONE, Judge.

On application for rehearing counsel in brief states:

"Appellant further respectfully moves the Court to extend its opinion so as to rule upon the Assignment of Error No. 7 argued on Proposition of Law IV, which assignment, appellant submits, raises an important point of law, which point has not been passed upon by the appellate courts of Alabama and was not covered by the trial court's oral charge."

It is our opinion that the lower court properly refused defendant's requested charge "a" which is as follows:

"I charge you gentlemen of the jury that if you believe the evidence of defendant that it did not receive the letter testified to by plaintiff, then I charge you the law presumes that such letter was not properly stamped, posted or addressed to defendant."

No error can be attached to the lower court's refusal to give the above charge since this court is of the opinion this charge is not a request for the affirmative charge and is a belief charge. In civil cases affirmance or reversal will not be predicated on refusal or the giving of such "belief" charges unless they are requests for the affirmative charge. So called "belief" charges have been denounced as erroneous in civil cases because the jury,

verdict must be reached after becoming "reasonably satisfied" from the evidence. See Cain v. Skillin, 219 Ala. 228, 233(9), 121 So. 521, 64 A.L.R. 1022, and Wesson v. State, 251 Ala. 33, 36 So.2d 361.

Opinion extended.

Application for rehearing overruled.