The only issue appellant presents for review may be condensed to whether he was denied his right to a speedy trial guaranteed by the interfusion of the Sixth and Fourteenth Amendments to the Constitution of the United States[1] and safeguarded also by Art. I, Sec. 6, of the Constitution of Alabama of 1901.
There is agreement on the part of all concerned that the crime for which appellant was indicted, tried and convicted, a robbery, occurred in Birmingham, Jefferson County, on May 14 or 15, 1975. He was indicted on February 6, 1976, tried July 28-29 of the same year and convicted and sentenced to imprisonment for ten years.
On the ground of indigency, appellant was represented by appointed counsel at his arraignment and on the trial. His counsel appointed for and representing him on appeal is different from the counsel representing *Page 554 
him at arraignment and on the trial. Our study of the record convinces us that both counsel have represented him well and have done their best for him.
Upon arraignment on May 14, 1976, accompanied by his appointed counsel, defendant pleaded not guilty, and his case was set for trial on June 28, 1976, with the privilege afforded him of interposing "any special pleas which defendant had the right as a matter of law to interpose prior to his plea of not guilty." The case was set for trial June 28, 1976, but, according to defendant, "due to unfortunate circumstances Defense had to request a continuance for one month." It was set again for trial on July 26, 1976, and reached on the docket for trial on July 28, 1976.
In furtherance of appellant's contention, he relies chiefly upon Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182,33 L.Ed.2d 101 (1972) and Prince v. State, Ala.Cr.App., 354 So.2d 1186
(1978), which cases make clear the course we should follow.
An issue as to the asserted denial of defendant's right to a speedy trial was presented to the trial court by defendant's motion as follows:
 "MOTION TO DISMISS FOR FAILURE TO GRANT A SPEEDY TRIAL
 "Comes now the Defendant and moves the Court to dismiss the charges against him for failure of the State of Alabama to grant a speedy trial and states his reasons therefor:
 "(1) that on June 12, 1975, and also on November 20, 1975, Defendant did in written form request of the State of Alabama that he be tried on the alleged charge.
 "(2) that the Defendant did on the same dates in written form request a fair and speedy trial.
"(3) Defendant received no response to his request.
 "(4) Defendant was arrested on or about May 15, 1976, in the State of Mississippi.
 "(5) Defendant was subsequently extradited to Georgia and the State of Alabama thereafter placed a Detainer against him.
 "(6) Since Defendant's request for a speedy trial more than 180 days have passed without fault of Defendant and Defendant has been prejudiced thereby."
The hearing on the motion was conducted on July 28, 1976, before the trial of defendant was commenced. Neither party seems to make any point as to the occasion for the intervention of approximately six months between the presentation[2] of the motion and the hearing thereon. On the hearing of the motion neither party attempted to extend the hearing beyond the allegations contained in the motion. Neither party made any contention as to the time intervening between the date of the indictment and the date of defendant's trial. Defendant did not contend, and appellant does not now contend, that the alleged denial of his right to a speedy trial was caused by any action or inaction of the state other than during approximately one hundred eighty days after June 12, 1975, the date defendant alleges that he requested in writing that he be given a speedy trial.
In Prince v. State, supra, Judge Tyson helpfully and accurately summarizes the factors set forth in Barker v. Wingo,supra, that are to be considered in determining whether there has been a violation of one's right to a speedy trial, by stating:
 "In Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the United States Supreme Court delineated a four-pronged balancing test to be applied on an ad hoc basis in all cases in which a speedy trial claim is raised. The four factors to be considered in weighing the conduct of the State and an accused are: (1) the length of the delay, (2) the *Page 555 
accused's assertion of his rights, (3) the reason for the delay, and (4) prejudice to the accused. . . ." Prince v. State, at 1189.
According to Barker v. Wingo, supra, at 407 U.S. 533,92 S.Ct. at 2193, no single factor is "either a necessary or sufficient condition" to a determination that one has been denied the right of speedy trial, but they are all "related factors and must be considered together with such other circumstances as may be relevant." In Barker v. Wingo, supra, and Prince v. State, it was held that there had been a denial of a speedy trial. In each case, however, the issue between the parties was as to the entire time between the initiation of the criminal prosecution and the trial. The instant case is different in that material respect. The parties herein focused their attention and consideration upon the period of approximately one hundred and eighty days after defendant claimed he had requested in writing a speedy trial, which in turn was less than thirty days from the date of the alleged crime.
At the hearing on the motion, the only witnesses were defendant and Miss Marty Davis, the office supervisor in the office of the District Attorney of the Circuit Court of Jefferson County. Appellant-defendant testified that on June 12, 1975, he mailed to the District Attorney of the Jefferson County Circuit Court, a letter of which the following is a copy:
 "June 12, 1975 "A.J. Billingsley, D-23071 Kemper Bldg., M.G.C.I. Hardwick, Georgia 31634
 "Mr. Earl C. Morgan District Attorney Jefferson County Birmingham, Alabama 35203 "RE: State vs. Allen Johnson Billingsley (Robbery)
"Dear Mr. Morgan:
 "I have been advised that your office has placed a detainer against me on the charge of "Robbery". I wish at this time to request a speedy trial or a withdrawal of the detainer.
 "Please Mr. Morgan look into this matter. Your consideration will be tremendously appreciated. As you know, a detainer does prevent one from participation in certain rehabilitative programs. There are such programs available to me here in which I cannot participate because of the detainer placed against me by your office.
 "With kindest regards and thanking you in advance, I remain
"Respectfully
 /s/ Allen Johnson Billingsley "Allen Johnson Billingsley
"ATTEST A TRUE COPY this 26 day of Jan 1976.
 "/s/ Kenneth Williams
"Notary Public
"My Commission expires 2-13-79"
Defendant testified that on or about November 20, 1975, he wrote and mailed another letter to the District Attorney, referring to the previous letter, in which subsequent letter he requested that the detainer be dropped.
Miss Davis testified that continuously from the time of the alleged crime until the time of her testimony, she had charge of all the clerical work in the office; a letter such as the letter of June 12, 1975, if received by the office would come to her attention, and she would give it further handling until it received the attention of the District Attorney. A pertinent part of her testimony is as follows:
 "Q Now there is another letter here dated November 20, 1975. I'll ask you to look at it, please. Now in respond to a-let me ask you first if those letters weren't — copies of those letters were received by this office in June and November to your knowledge?
"A They were not.
 "Q Okay. Now if they had come in they would have come to your desk and you would have presented them to Mr. Morgan to determine whether or not we would borrow the prisoner from the State of Georgia for trial? *Page 556 
"A Yes, sir."
The witness further testified that she had searched the District Attorney's Office to ascertain if there were any copies of either of those letters and had not been able to find any.
Although defendant stated that he mailed the letter dated June 12, 1975, his testimony does not meet the usual requirements of a presumption of the receipt thereof by the addressee, which include proof that the letter had on it "sufficient postage [and was], duly deposited for transmission in the mails of the United States, and [was] not returned to the writer, whose address [is] indicated on the envelope."Sorrell v. Scheuer, 209 Ala. 268, 96 So. 216 (1923); Denson v.Kirkpatrick, 225 Ala. 473, 144 So. 86 (1932); Harrell v.Alabama Farm Bureau Mut. Ins. Co., 287 Ala. 259, 251 So.2d 220
(1971).
The presumption mentioned is a rebuttable one. Brotherhood ofRailroad Trainmen v. Jennings, 232 Ala. 438, 168 So. 173
(1936). Where there is evidence that the letter was not received by the addressee or someone acting in his behalf, a question of fact is presented. Republic Steel Corp. v. Gilbert,38 Ala. App. 227, 83 So.2d 370, cert. denied 263 Ala. 700,83 So.2d 374 (1955).
As held in Barker v. Wingo, supra, the absence of a request by accused for a speedy trial or an assertion by him of his right to a speedy trial does not in and of itself deprive him of that right. Nevertheless, the court in determining whether such right has been violated is not required to go beyond the issue made by the parties and the evidence brought by them to the attention of the court. In his motion raising the point of a speedy trial, appellant relied upon a purported request therefor in his alleged letters of June 12 and November 20, 1975, as an essential component of the basis of his particular motion. The record shows that he made no contention otherwise on the hearing of the motion. The motion was submitted by defendant on the assumption that the evidence showed that defendant did make the requests as indicated in the mentioned letters. Although the State never conceded, expressly or impliedly, that a request for a speedy trial as claimed by defendant entitled him, in the light of the other circumstances, to a favorable ruling on the motion, there was no disagreement, express or implied, between the parties as to the necessity for proof that defendant had requested the speedy trial as claimed.
Appellant makes clear the pivot, on the trial and on appeal, in insisting in his brief:
 "In view of this, it can be clearly established that it was indeed over a year before the appellant was afforded a trial; and also, he had promptly and repeatedly requested a speedy trial." [Emphasis supplied]
By the quoted statement from appellant's brief, it is plain that reference is made to the two letters.
The heart of defendant's motion, the evidence presented thereon, the factual issue before the trial court, and the contentions of the respective parties on the trial and on appeal is the request vel non as claimed by defendant in the mentioned letters, particularly the letter of June 12, 1975. There is implicit in the trial court's ruling that there was no such request, and we do not find that the trial court was in error in its ruling.
There is no necessity for an extended discussion of what we consider rather intricate problems resulting from defendant's "absence without leave" from his confinement as a convicted felon in Georgia at the time of his presence in Alabama when the crime was committed and his subsequent flight to Mississippi, where he was arrested, and the subsequent proceedings as to extradition between the governor of Alabama and the governor of Georgia. Nor is it necessary for us to detail the numerous crimes for which he had been convicted which could, if necessary, have had a bearing upon the reliability of his testimony as to the mentioned letters.
We find no error in the record prejudicial to appellant and the judgment appealed from should be affirmed. *Page 557 
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the New Judicial Article (Constitutional Amendment No. 328). His opinion is hereby adopted as that of the Court. The judgment below is hereby
AFFIRMED.
All the Judges concur.
[1] Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988,18 L.Ed.2d 1 (1967).
[2] The record does not clearly show any pre-arraignment filing of the motion in the office of the Clerk of the Circuit Court, but it is indicated by the proceedings, as to which there seems to be no disagreement, that such motion was sent to and received by an appropriate representative of appellee about six months before trial.