This is an appeal from a summary judgment in an eviction action. Thomas Gattis filed a complaint against George Pittman to evict Pittman from property that Gattis had bought at a foreclosure sale. The District Court of Calhoun County granted Gattis an order of eviction, and Pittman appealed to the circuit court. The circuit court granted summary judgment in favor of Gattis. Pittman appeals, raising issues concerning the trial court's granting of the summary judgment as well as the trial court's refusal to set aside the summary judgment.
The tract of land in question was previously owned by Pittman. Gattis purchased it at a foreclosure sale on September 29, 1986. On or about October 2, 1986, Gattis's attorney sent Pittman a certified letter demanding possession. This certified letter was returned to Gattis's attorney without any explanation or notation on the envelope as to why it was returned. Later in October 1986, Gattis's attorney mailed another certified letter which was later returned marked "unclaimed." Near the time of the mailing of the second certified letter, Gattis's attorney also mailed a regular first-class letter to the same address, and this letter was not returned. Gattis has adopted Pittman's statement in Pittman's brief to this Court that, considering all the evidence, the only letter that could have been received is the first-class letter.
Gattis, seeking to remove Pittman from the land, filed this eviction action in the District Court of Calhoun County on December 31, 1986. On the date of trial, Pittman served a notice of his desire to *Page 294 
redeem his property. The district court entered an order of eviction, which Pittman appealed to the circuit court for a trial de novo. A pretrial conference on the appeal was set for June 17, 1987, but Pittman's attorney withdrew from representing Pittman on June 16, 1987. Apparently, the trial court never held the scheduled conference. Gattis filed a motion for summary judgment, with affidavits from his attorney and the attorney's secretary on July 6, 1987, and, following other motions by Gattis, a hearing on the summary judgment motion was set for July 31, 1987. Pittman neither appeared nor was represented at this hearing, and the trial court granted summary judgment for Gattis and for Gattis's wife, Rachel, who was added as a party to Gattis's action at the time the trial court granted summary judgment. On August 19, 1987, the trial court ordered the issuance of a writ of eviction, and on the same day Pittman filed a motion to set aside the summary judgment. The trial court denied Pittman's motion.
Pittman's first issue is whether the trial court erred by granting summary judgment for Gattis and his wife Rachel. Summary judgment is proper when there is no genuine issue as to any material fact, and the moving party is entitled to a judgment as a matter of law. Rule 56(c), A.R.Civ.P.;Houston v. McClure, 425 So.2d 1114 (Ala. 1983). In determining whether the moving party has met this burden, the trial court must view the facts in the light most favorable to the non-moving party. Id.; Fulton v. AdvertiserCo., 388 So.2d 533 (Ala. 1980).
The dispositive issue is whether Pittman lost his right to redeem the foreclosed property. Ala. Code 1975, § 6-5-233, addresses redemption of real estate and provides:
 "(a) The possession of the land must be delivered to the purchaser by the debtor, if in his possession or in the possession of anyone holding under him by privity of title, within 10 days after written demand for the possession has been made by the purchaser, vendee or his agent.
 "(c) Failure of the debtor or anyone holding under him to comply with the provision of this section forfeits the right of redemption."
Thus, according to the statute, if Pittman received a written demand for possession of the real estate, but did not deliver possession, his right of redemption would be forfeited. Accordingly, the trial court's inquiry into whether Pittman had the right to redeem his property should have included inquiry into whether Pittman had received a written demand for possession of the real estate.
Gattis convinced the trial court that both the "service" of the letters and Pittman's receipt of the letters was conclusively established by Rule 5, A.R.Civ.P. Rule 5 relates to service and filing of pleadings, and 5(b) states: "service is complete upon mailing." Pittman correctly argues that this reliance on Rule 5 is misplaced. Rule 5(a) deals with papers served after a judicial proceeding has been initiated. Of course, the written demands for possession of the property preceded Gattis's action for eviction. The trial court acknowledged that Pittman was correct in saying that Rule 5 only covers service of pleadings and papers after a lawsuit begins, but nevertheless relied on Rule 5 to support granting the summary judgment. The court stated:
 "While it is true that Rule 5 only covers the service of pleadings and papers after suit is commenced, the Court understands the arguments of the Plaintiffs in regard to Rule 5 only to go to service upon the Defendant of the Plaintiffs' motion for summary judgment and the Court's setting argument on the same. Clearly service of both was properly had on the Defendant pursuant to the provisions of Rule 5."
The trial court apparently misunderstood the reliance Gattis placed on Rule 5. Gattis relied on Rule 5 to support a conclusion that Pittman received the demand for possession of the property; in this appeal Pittman does not dispute the service of the summary judgment motions. The trial court's reliance on Rule 5 in this fact situation was inappropriate. *Page 295 
Gattis, even though he cannot use Rule 5, still can rely on the long-established rule of Alabama law that a rebuttable presumption exists that a letter, postage prepaid, mailed to a person at his place of residence, was received by that person. Brotherhood of R.R. Trainmen v. Jennings,232 Ala. 438, 168 So. 173-77 (1936); Republic Steel Corp.v. Gilbert, 38 Ala. App. 227, 83 So.2d 370 (1955);Billingsley v. State, 367 So.2d 553-556 (Ala.Crim.App. 1978). However, the presumption is not conclusive, and whether or not a letter is received can be a fact question for the jury. Republic Steel, supra, 38 Ala. App. 227,83 So.2d at 372. Furthermore, in Van Buren v.Dendy, 440 So.2d 1012-14 (Ala. 1983), this Court indicated that whether a person has received notice of demand for possession of the premises under Ala. Code 1975, § 6-5-233, is a question of fact, which makes summary judgment inappropriate.
Neither of the certified letters, which were allegedly demands to Pittman for possession, was delivered to Pittman. The only notice Pittman may have received was the one first-class letter that was mailed to Pittman's address and not returned. In the district court Pittman filed affidavits, then testified, specifically denying that he was given notice. Considering the stringent test for summary judgment, the authority of the Van Buren decision, and the unsettled factual questions below, we hold that the trial court erred by granting summary judgment for Gattis.
The summary judgment is reversed and the cause is remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, ADAMS, HOUSTON and STEAGALL, JJ., concur.