BOWEN, Judge.
Richard Herndon, Jr., was convicted of first degree robbery and sentenced as a habitual offender to imprisonment for life without parole. Two issues are raised in this appeal from that conviction; however, we need address only the contention that the trial court erred in refusing to give Herndon’s written requested charge on the lesser included offense of third degree robbery.
The state argues that this issue was not properly preserved for our review under Rule 14, A.R.Crim.P. (Temp.). However, upon the completion of the court’s oral charge Herndon objected to the trial court’s failure to give his written requested instructions on lesser included offenses. The trial court replied “I understand it and I overrule it.” (Emphasis added.) We find this sufficient to preserve the issue for our review. See Ex parte Jordan, 532 So.2d 1252 (Ala.1988); Matkins v. State, 497 So.2d 201 (Ala.1986).
We turn now to a consideration of whether the trial court erred in refusing to give the requested jury charges.
“An individual accused of the greater offense has a right to have the court charge on the lesser offenses included in the indictment, when there is a reasonable theory from the evidence supporting his position.”
Chavers v. State, 361 So.2d 1106, 1107 (Ala.1978) (quoted in Phelps v. State, 435 So.2d 158, 164 (Ala.Cr.App.), cert. denied, 435 So.2d 158 (Ala.1983)); Woods v. State, 485 So.2d 1243, 1245 (Ala.Cr.App.1986).
Herndon was charged with robbery in the first degree, which is defined in § 13A-8-41, Ala.Code (1975), as follows:
“(a) A person commits the crime of robbery in the first degree if he violates section 13A-8-43[1] and he:
“(1) Is armed with a deadly weapon or dangerous instrument; or
“(2) Causes serious physical injury to another.
“(b) Possession then and there of an article used or fashioned in a manner to lead any person who is present reasonably to believe it to be a deadly weapon or dangerous instrument, or any verbal or other representation by the defendant that he is then and there so armed, is prima facie evidence under subsection (a) of this section that he was so armed.”
(Footnote added.) (Emphasis added.) The presumption contained in § 13A-8-41(b) is unique to a prosecution for first degree robbery. Compare §§ 13A-7-5; 13A-7-6, Ala.Code (1975). The commentary to § 13A-8-40 through § 13A-8-44 provides some insight into the reason for the inclusion of this presumption and makes it clear that this presumption is rebuttable:
“The grading of the offense reflects primary concern with the danger to the person, but retains some degree of practicability. To constitute robbery in the first degree, there must be either infliction of a serious physical injury ... or defendant must be armed, or create the reasonable impression that he is armed, with a deadly weapon or dangerous instrument.
“A difficult area is robbery by use of an unloaded, inoperable or dummy weapon. The basic theory of this article is to protect the citizen from fear for his or another’s health and safety. This should be aggravated only when there is actual serious physical injury inflicted or when the robber possesses an instrument which is readily capable of inflicting such injuries. However, it is sometimes difficult to prove that defendant actually was *1065 armed with a dangerous weapon, unless he is apprehended at the scene. In an effort to balance the needs for enforcement with the demands for appropriate penalties, § 13A-8-41 makes possession of an object reasonably believed to be a ‘deadly weapon’ or ‘dangerous instrument,’ as defined in § 13A-1-2, or a representation by the defendant that he has one, prima facie evidence that he is armed. If in fact the defendant refutes this, he may still be convicted of robbery in a lesser degree.”
In the present case, the state’s un-eontroverted evidence established that Herndon possessed a pistol during the robbery and also threatened to shoot one of the victims with it. Thus, the presumption that he was armed was established under § 13A-8-41(b). However, the evidence was also uncontested that this pistol was unloaded at the time of the robbery. This evidence goes toward rebuttal of the presumption and creates a question for the jury as to whether Herndon was, in fact, “armed with a deadly weapon or dangerous instrument” during the commission of the robbery. Cf. Pittman v. Gattis, 534 So.2d 293, 295 (Ala.1988); Billingsley v. State, 367 So.2d 553, 556 (Ala.Cr.App.1978), cert. denied, 367 So.2d 557 (Ala.1979); Padgett v. State, 24 Ala.App. 133, 131 So. 3 (1930). The import of § 13A-8-41(b) is that where there is evidence to refute the presumption that the robber is armed with a deadly weapon or dangerous instrument, the defendant is entitled to an instruction on the lesser degrees of robbery which may be warranted by the evidence.[2]
We hold that where a defendant charged with first degree robbery offers uncontested evidence to refute the presumption arising under § 13A-8-41(b), upon proper request, he is entitled to have the jury instructed on the lesser included offense of robbery in the third degree (and robbery in the second degree if warranted by the facts). This holding is, of course, limited by the general principles of law regarding both lesser included offense charges, see Chavers v. State, supra, and requested jury charges, see Rule 14, A.R.Crim.P. (Temp.); Matkins v. State, 497 So.2d 201 (Ala.1986).
Due to the trial court’s error in refusing to give Herndon’s requested instruction on third degree robbery, the judgment of the Jefferson Circuit Court is hereby reversed and the cause remanded for a new trial.
REVERSED AND REMANDED.
All Judges concur.

. Robbery in the third degree is clearly a lesser included offense of robbery in the first degree, as § 13A-8-43 defines robbery in the third degree. See § 13A-l-9(a)(l), Ala.Code (1975). Section 13A-8-43 provides:
"(a) A person commits the crime of robbery in the third degree if in the course of committing a theft he:
"(1) Uses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance; or
“(2) Threatens the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property.”

. We note that in the present case, an instruction on second degree robbery would not be warranted, as there was no evidence that Hern-don was “aided by another person actually present.” § 13A-8-42, Ala.Code (1975).