TAYLOR, Presiding Judge.
The appellant, Leo Davis, Jr., was convicted of robbery in the first degree, in violation of § 13A-8-41, Code of Alabama 1975. He was sentenced to 10 years in the State penitentiary.
The evidence tended to show that on February 8, 1988, at approximately 12:00 noon, the appellant walked into the EZ convenience store in Mobile, Alabama. Ms. Idella Perkins Hill was the store clerk on duty at that time and she said she was stocking the beverage cooler when the appellant entered the store. She said she observed the appellant as he walked to the cooler containing the wine; however, she said her view of appellant became blocked, and she could not determine his actions at the cooler.
Ms. Hill said that as the appellant began to exit the store, she asked if she could help him and at that moment, the appellant demanded that she give him all the money in the register. She said he pushed her toward the register with his left hand and kept his right hand, in which he held an object, "under his coat. From the position of his arm and the shape of the object, she said, she believed he was armed. She said he then reached into the register and grabbed some money.
As the appellant was leaning over to grab the money, Ms. Hill said, she saw that the appellant had a small bottle of wine under his coat instead of a gun. After realizing that the appellant did not have a gun, she said, she reached for the gun that she kept in the store. She said that she and the appellant struggled over the gun and eventually struggled out the front door and that the appellant fell against the wall and then jumped up and ran away, escaping with approximately $40.
The appellant raises two issues on appeal.
*672 I
The appellant first contends that he was denied his constitutionally guaranteed right to effective assistance of counsel. However, no authority was cited in the appellant’s brief to support such a contention. This court held, in Johnson v. State, 500 So.2d 494 (Ala.Cr.App.1986) (citing Vinzant v. State, 462 So.2d 1037, 1039 (Ala.Cr.App.1984):
“According to A.R.A.P. 45B, this court is not obligated to consider questions or issues not presented in briefs on appeal. The appellant’s brief, according to A.R. A.P. 28(a)(3), shall contain a statement of issues presented for review with principle authorities of law supporting each issue presented. Furthermore, A.R.A.P. 28(a)(5) requires that the argument presented in a brief shall contain contentions of appellant with respect to the issues presented, and the reasons therefore with citations to the authorities, statutes and parts of the record relied on. [Emphasis added.]
“The logic behind these rules is consistent with prior decisions relating to failure of appellant to meet the requirements established by the Alabama Supreme Court for briefs on appeal. Arguments not based on any legal authority have the same effect as if no argument had been made, and the argument will be deemed waived. Jones v. City of Decatur, 53 Ala.App. 470, 301 So.2d 235 (Ala.Cr.App.1974); Terry v. City of Decatur, 49 Ala.App. 652, 275 So.2d 167 (Ala.Cr.App.1973); Adams v. State, 291 Ala. 224, 279 So.2d 488 (1973).”
Because the appellant cited no authority to support his contention, we do not find that he was denied his constitutionally guaranteed right to effective assistance of counsel.
II
The appellant next contends that the trial court committed reversible error in refusing to charge the jury as to the lesser included offense of robbery in the third degree.
In Kent v. State, 504 So.2d 373, 375 (Ala.Cr.App.1987), this court stated, “An accused is entitled to have the jury charged on a lesser included offense only when there is a reasonable theory from the evidence to support the lesser offense.” Johnson v. State, 398 So.2d 393 (Ala.Cr.App.1981); Williams v. State, 377 So.2d 634 (Ala.Cr.App.), cert. denied, 377 So.2d 639 (Ala.1979). Robbery in the third degree is defined by § 13A-8-43, Code of Alabama 1975, as follows:
“(a) A person commits the crime of robbery in the third degree if in the course of committing a theft he:
“(1) Uses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance; or
“(2) Threatens the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property.”
However, the appellant was convicted of robbery in the first degree, which is defined by § 13A-8-41, Code of Alabama 1975, as follows:
“(a) A person commits the crime of robbery in the first degree if he violates section 13A-8-43 and he:
“(1) Is armed with a deadly weapon or dangerous instrument; or
“(2) Causes serious physical injury to another.
“(b) Possession then and there of an article used or fashioned in a manner to lead any person who is present reasonably to believe it to be a deadly weapon or dangerous instrument, or any verbal or other representation by the defendant that he is then and there so armed, is prima facie evidence under subsection (a) of this section that he was so armed.” (Emphasis added.)
In Herndon v. State, [Ms. 6 Div. 871, July 21, 1989] (Ala.Cir.App.1989), this court stated that “the import of § 13A-8-41(b) is that where there is evidence to refute the presumption that the robber is armed with a deadly weapon or dangerous instrument, the defendant is entitled to an instruction on the lesser de *673 grees of robbery which may be warranted by the evidence.” In the present ease, the uncontroverted evidence established that the appellant had a small wine bottle concealed under his jacket instead of a gun. This evidence goes toward rebuttal of the presumption that the appellant was armed and creates a question of fact for the jury. Billingsley v. State, 367 So.2d 553, 556 (Ala.Cr.App.1978), cert. denied, 367 So.2d 557 (Ala.1979); Padgett v. State, 24 Ala.App. 133, 131 So. 3 (1930).
Thus, we hold, as this court did in Herndon, supra:
“Where a defendant charged with first degree robbery offers uncontested evidence to refute the presumption arising under § 13A-8-41(b), upon proper request, he is entitled to have the jury instructed on the lesser included offense of robbery in the third degree (and robbery in the second degree if warranted by the facts).”
Due to the trial court’s error in refusing to give the appellant’s requested instruction on third degree robbery, the judgment of the Mobile Circuit Court is hereby reversed, and the cause remanded for a new trial.
REVERSED AND REMANDED.
All the Judges concur.