567 So.2d 863 (1990)
James McCONICO, Jr.
v.
CORLEY, MONCUS AND BYNUM, P.C., and Frank Bynum.
89-922.
Supreme Court of Alabama.
September 7, 1990.
*864 James McConico, Jr., pro se.
W. Lewis Garrison, Birmingham, for appellees.
SHORES, Justice.
The plaintiff, James McConico, Jr., appeals from a summary judgment for the defendants, Corley, Moncus and Bynum, P.C. (hereinafter referred to as Corley, Moncus), and Frank K. Bynum. We affirm.
The pleadings of this case, viewed most favorably to McConico, tend to show the following: McConico contracted to purchase a piece of property from Richard Reese and Charles Sterne on October 15, 1982. The closing of this real estate purchase occurred on October 22, 1982, and was conducted by Frank K. Bynum, Esq., a lawyer with Corley, Moncus. Mr. Bynum prepared a settlement statement and a warranty deed in conjunction with the closing; the sales contract was not prepared by Bynum nor by anyone associated with Corley, Moncus. Neither the settlement statement nor the warranty deed, documents that McConico inspected (and one of whichthe settlement statementhe signed), indicated that Charles Sterne was a seller of the property.
McConico bases his fraud claim against Corley, Moncus on Bynum's allegedly fraudulent misrepresentation that Sterne was an owner of the property in question, and on McConico's claim that he would not have contracted for the purchase of the property had he known that Sterne was not an owner. The elements of fraud are: 1) a false representation; 2) regarding a material existing fact; 3) which the plaintiff relies upon; and 4) damages proximately caused by the misrepresentation. Smith v. J.H. Berry Realty Co., 528 So.2d 314, 316 (Ala.1988). Any reliance must be justifiable under all the facts of the case. "Justifiable reliance" has been defined as follows:
"In light of modern society's recognition of a standard of business ethics that demands that factual statements be made carefully and honestly,
"`[r]eliance should be assessed by the following standard: A plaintiff, given the particular facts of his knowledge, understanding, and present ability to fully comprehend the nature of the subject transaction and its ramifications, has not justifiably relied on the defendant's representation if that representation is "one so patently and obviously false that he must have closed his eyes to avoid the discovery of the truth."'
"Southern States Ford, Inc. v. Proctor, 541 So.2d 1081, 1091-92 (Ala.1989) (Hornsby, C.J., concurring specially)."
Hickox v. Stover, 551 So.2d 259, 263 (Ala. 1989). Under the facts of this case, McConico would have to have closed his eyes to avoid discovery of the truth. All the documents prepared by Bynum clearly demonstrated that Reese was the seller, and these documents were inspected and/or signed by McConico.
Summary judgment is proper when there exists no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), A.R.Civ.P.; Pittman v. Gattis, 534 So.2d 293, 294 (Ala.1988). In determining whether the moving party has met its burden, the *865 trial court must view the facts in the light most favorable to the non-moving party. Id., at 294, citing Fulton v. Advertiser Co., 388 So.2d 533 (Ala.1980), cert. denied, 449 U.S. 1131, 101 S.Ct. 954, 67 L.Ed.2d 119 (1981). After allowing sufficient time for interrogatories to be answered and affidavits to be submitted, the trial court determined that summary judgment for Corley, Moncus and for Frank K. Bynum was proper. This determination was made in accordance with the mandates of Rule 56(c) and relevant case law, Pittman, supra. Therefore, the judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, HOUSTON and KENNEDY, JJ., concur.