RICHARD L. HOLMES, Retired Appellate Judge.
Lancelot Edwin Silver appeals from a summary judgment entered in favor of Henry Earl Jones and Hilda S. Jones, husband and wife, and Irvine Co., Inc. (real estate company). This case is before this court pursuant to § 12-2-7(6), Ala.Code 1975.
■ On appeal Silver contends that he presented substantial evidence indicating that the Joneses and their real estate company fraudulently misrepresented the actual bay-front-footage of a piece of property, thereby inducing him to buy the property.
At the outset, we note that the essential elements necessary to support a claim of fraudulent misrepresentation are (1) a false representation; (2) a material existing fact; (3) a reliance by the plaintiff on the material existing fact; and (4) damage to the plaintiff as a proximate result thereof. Cowen v. M.S. Enterprises, Inc., 642 So.2d 453 (Ala.1994).
Rule 56(c), Ala.R.Civ.P., provides that a summary judgment is appropriate in situations where no genuine issue of any material fact exists and the movant is entitled to a judgment as a matter of law. It is well settled that the moving party has the burden of establishing that no genuine issue of a material fact exists and that all reasonable uncertainties regarding the existence of a genuine issue of a material fact must be resolved against the moving party. Porter v. Fisher, 636 So.2d 682 (Ala.Civ.App.1994).
Once the movant makes a prima facie case showing that no genuine issue of a material fact exists, then the burden shifts to the nonmoving party to present substantial evidence regarding the existence of a genuine issue of a material fact. Porter, 636 So.2d at 684. Therefore, a summary judgment is proper when the non-moving party fails to provide substantial evidence to support a claim of fraudulent misrepresentation. Mims, Lyemance & Reich, Inc. v. UAB Research Foundation, 620 So.2d 594 (Ala.1993).
Our review of the record reveals the following pertinent facts: In October 1994 Silver made an offer of $699,000 for the Joneses’ property, which was located along the shore of the Mobile Bay. The Joneses accepted the offer. Thereafter, the Joneses and Silver entered into a purchase agreement, which was executed by the Joneses’ real estate company.
One of the conditions of the purchase agreement was that the Joneses would provide Silver with a survey of the property prior to the closing. The Joneses complied with this condition. The survey, which was completed in January 1995, indicated that the *274 property had 101 feet, more or less, along the shore.
The closing attorney for the Joneses prepared all the closing documents and sent a copy of them to both Silver and his attorney for their review. Silver resided in Australia at the time. Among the documents sent to Silver were the warranty deed, the survey, and the title commitment. Each of these documents indicated that the property had 101 feet, more or less, along the shore. Silver testified that he signed the necessary documents, without reading them, and returned them to his attorney. Thereafter, the attorneys for Silver and the Joneses closed the deal. It was not until after the closing that Silver read the documents and discovered the true footage of the property.
Silver now contends that he tendered his offer of $699,000 based on the alleged misrepresentations of the Joneses and their real estate company, who represented the property as having 110 feet of bay-front footage. Silver also contends that both the Joneses and their real estate company had a duty to inform him verbally of the correct bay-front footage prior to the closing.
In support of its motion for a summary judgment, the real estate company presented the deposition testimony of Nancy H. Jones, its agent, who dealt directly with Silver and the Joneses. Ms. Jones testified that the Joneses provided her with a personal computer-generated map of the property, which indicated that the property had 111 feet, 6⅛ inches of bay-front footage. Ms. Jones further testified that she used the Joneses’ measurement in printing a descriptive flier of the property. The flier stated that the property had “approximately 110 feet on the bay.”
The real estate company also presented the deposition testimony of Robert Johnston, its closing attorney. Mr. Johnston testified that the last conveyance of record on file was recorded in June 1992. This conveyance contained a metes and bounds description of the property, which described the property as having 122.7 feet of bay-front footage. Mr. Johnston further testified that the variation in the prior measurement and present measurement resulted from different reference points used by the surveyors when measuring the shore line.
The real estate company also introduced a portion of the purchase agreement that Silver signed. The pertinent part of the agreement states that the “[bjuyer has the obligation to determine ... any and all conditions of the property without limitation ... the size and area of the property.... BUYER HAS EXAMINED THIS PROPERTY AND AGREES TO ACCEPT SAME IN ITS PRESENT CONDITION....”
We note that in order for Silver to support his claim of fraudulent misrepresentation, he must provide substantial evidence that he justifiably relied upon the alleged misrepresentations made by the Joneses and their real estate company regarding the bay-front footage of the piece of property. McConico v. Corley, Moncus & Bynum, 567 So.2d 863 (Ala.1990). In Southern States Ford, Inc. v. Proctor, 541 So.2d 1081, 1091-92 (Ala.1989), our supreme court stated the following:
“‘Reliance’ should be assessed by the following standard: A plaintiff, given the particular facts of his knowledge, understanding, and present ability to fully understand the nature of the subject transaction and its ramifications, has not justifiably relied on the defendant’s representation if that representation is ‘one so patently and obviously false that he must have closed his eyes to avoid the discovery of the truth.’ ”
Here, Silver testified that the amount of bay-front footage was the critical factor that induced him to purchase the property. Silver relies on the flier printed by the real estate company, which stated that the property had “approximately 110 feet on the bay.” However, we would note that the wording of this flier should have alerted Silver that the exact footage was not known.
Further, the purchase agreement that Silver signed expressly stated that a survey would be performed at the Joneses’ expense prior to the closing. This condition, too, should have alerted Silver that the exact footage was not known.
Finally, Silver had in his possession, prior to the closing, several different documents *275 indicating the true bay-front footage of the property. Silver, however, did not read these documents before he signed and returned them to his attorney.
In light of the above, we find that Silver did not present any substantial evidence that he justifiably relied upon the alleged misrepresentations made by the Joneses and their real estate company. McConico, supra. Consequently, the trial court properly entered the summary judgment in favor of the Joneses and their real estate company.
The judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.